# IN THE COURT OF APPEALS OF IOWA

No. 21-0677
Filed August 4, 2021

**IN THE INTEREST OF D.G.,**
**Minor Child,**

**M.G., Mother,**
        Appellant.
_____

        Appeal from the Iowa District Court for Taylor County, Monty W. Franklin,

District Associate Judge.


        A mother appeals the termination of her parental rights to her child.

**AFFIRMED.**


        Shireen L. Carter of Shireen Carter Law Office, PLC, Norwalk, for appellant

mother.

        Thomas J. Miller, Attorney General, and Kathryn K. Lang, Assistant

Attorney General, for appellee State.

        Andrew J. Zimmerman of Nielsen & Zimmerman, PLC, Corning, attorney

and guardian ad litem for minor child.


        Considered by Mullins, P.J., Schumacher, J., and Carr, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2021).

**CARR, Senior Judge.**

A mother appeals the termination of her parental rights to her child. She challenges the grounds for termination, contends termination is against the child's best interests, and seeks to avoid termination because the child is in the legal custody of a relative. We review her claims de novo. *See In re A.S.*, 906 N.W.2d 467, 472 (Iowa 2018).

In November 2018, the Iowa Department of Human Services (DHS) became involved with the family after learning the mother was using methamphetamines in the presence of her children—D.G., the child at issue, born in 2004; and a sibling, born in 2001. The DHS also learned that the mother used a baseball bat to break all of the windows in the home when she was "angry with her paramour." A child abuse assessment resulted in founded reports against the mother for using dangerous substances in the children's presence and failing to provide proper supervision. The juvenile court adjudicated the child in need of assistance (CINA) and ordered the child removed from the mother's care.[1]

The DHS offered the family services to address the issues that led to the child's removal,[2] and the case permanency plan adopted by the court required the mother to obtain substance-abuse and mental-health evaluations and to follow all treatment recommendations. But the mother was inconsistent in her participation;

---

[1] The older child was not a subject of the CINA proceeding and turned eighteen a short time after D.G.'s adjudication.

[2] The mother notes that the DHS worker assigned to the family at the time of termination was assigned to the case only one month before the hearing "and was not familiar with all the prior events that occurred during the pendency of the proceedings." But the record contains ample insight to fill any gaps in the worker's knowledge, and the same judge followed the case throughout the CINA and termination proceedings.

at the time of the termination hearing—two years after the CINA adjudication—the mother had yet to complete mental-health treatment, failed to remain sober, had no financial resources, and was homeless. Finding the mother had "not shown any significant progress" and her relationship with the child was "minimal and unhealthy," the juvenile court terminated her parental rights under Iowa Code section 232.116(1)(e), (f), and (*l*) (2021).

On appeal, the mother challenges the evidence showing the grounds for termination under section 232.116(1)(f) and (*l*), arguing she has never injured the child or posed a risk to his safety. However, the mother concedes the State proved the grounds for termination under section 232.116(1)(e). In light of this concession, we affirm termination under that paragraph. *See In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012) ("When the juvenile court terminates parental rights on more than one statutory ground, we may affirm the juvenile court's order on any ground we find supported by the record."); *Hyler v. Garner*, 548 N.W.2d 864, 870 (Iowa 1996) ("[O]ur review is confined to those propositions relied upon by the appellant for reversal on appeal.").

The mother contests termination of her parental rights, advancing that it is against the child's best interests. *See* Iowa Code § 232.116(2) ("In considering whether to terminate the rights of a parent under this section, the court shall give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child."); *In re P.L.*, 778 N.W.2d 33, 37 (Iowa 2010) ("[T]he court is required to use the best-interest framework established in section 232.116(2) when it decides what is in the best interest of the child."). The

"defining elements" are the child's safety and "need for a permanent home." *In re H.S.*, 805 N.W.2d 737, 748 (Iowa 2011) (citation omitted).

The juvenile court made explicit findings setting out the reasons why the mother cannot provide the child the necessary safety and stability. Between her failure to address concerns about her methamphetamine use and mental health and the absence of financial resources and housing, the mother has no way to care for the child safely or provide the child stability. The court described the mother's relationship with the child as "toxic," noting that her visits cause distress and increase the child's "anger and acting-out behaviors." And on at least two occasions, the mother either provided the child with methamphetamine or knowingly allowed the child to use it while in her care. On this basis, the court concluded that the mother "would be a significant and serious disruption to [the child's] life" and would continue to place the child at risk of serious or life-threatening harm. We concur with the juvenile court's findings. The mother had two years to address the issues that led to the removal but continues to negatively impact the child. Termination is in the child's best interests.

The mother also seeks to avoid termination under section 232.116(3)(a), which states the court need not terminate parental rights if a relative has legal custody of the child. But the decision to preserve parental rights under section 232.116(3) is permissive, not mandatory, and depends on the facts of each case. *See A.S.*, 906 N.W.2d at 475. "An appropriate determination to terminate a parent-child relationship is not to be countermanded by the ability and willingness of a family relative to take the child. The child's best interests always remain the first consideration." *Id.* (citation omitted). Based on the considerations we note above

in addressing best interest, we affirm the termination of the mother's parental rights, D.G.'s current placement with his father notwithstanding.

**AFFIRMED.**